NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALTON PRIDGEN, | : |
| Plaintiff, | : Civil Case No. 11-2255 (FSH) (PS) |
| v. | : **OPINION & ORDER** |
| RAB COMMUNICATIONS, INC., | : November 28, 2011 |
| Defendant. | : |

**HOCHBERG, District Judge:**

**I.    INTRODUCTION**

Plaintiff, Alton Pridgen, brings this putative action asserting claims for unpaid overtime wages under both federal and New Jersey state law.  The amended complaint contains two counts.  Count I asserts a Fair Labor Standards Act ("FLSA") claim, which could potentially become an opt-in collective action.  Count II asserts a similar claim under the New Jersey State Wage and Hour Law, which could potentially become an opt-out collective action.  Plaintiff contends that the Court has federal question jurisdiction over Count I and should exercise supplemental jurisdiction over Count II.  Defendant has moved to dismiss Count II under Federal Rule of Civil Procedure 12(b)(6) on the theory that the opt-in claim in Count I under the FLSA is inherently incompatible with the opt-out claim in Count II.  In the alternative, defendant has moved to strike plaintiff's request for liquidated damages based on Count II on the theory that the New Jersey State Wage and Hour Law does not provide for liquidated damages.

**II.    ALLEGATIONS**

Defendant, RAB Communications, Inc. ("RAB") is a contractor providing engineering, technical, and construction services to the telecommunications industry. Plaintiff was employed by defendant as an installer from approximately July 2007 to May 2011. Defendant allegedly paid plaintiff, and all of its similarly situated installers, on a piece rate basis for each completed job. Plaintiff alleges that in virtually all weeks of his employment, he worked in excess of 40 hours per week. However, plaintiff alleges that because he was paid on a piece rate basis, he was not paid overtime premiums for working more than 40 hours per week.

### III.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements

of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

IV.     **DISCUSSION**

Defendant argues: (1) that Count II of the amended complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it is inherently incompatible with Count I; (2) that the Court should decline to exercise supplemental jurisdiction over Count II because it is inherently incompatible with Count I; and (3) that the Court should decline to exercise supplemental jurisdiction over Count II because it predominates over Count I. Plaintiff responds that every circuit that has squarely considered defendant's inherent incompatibility argument has concluded that Rule 23 classes regarding state law claims and FLSA collective actions can co-exist in a hybrid action. Plaintiff further argues that it would be premature at this stage of the case to conduct a supplemental jurisdiction analysis and that if the Court is inclined to conduct such an analysis, it should exercise supplemental jurisdiction over Count II.

A.     **Inherent Incompatibility**

Defendant first argues that the Court should dismiss Count II on the basis that an FLSA opt-in collective action is inherently incompatible with an opt-out state law wage and hour class action. Defendant argues that entertaining parallel FLSA and state law class actions frustrates Congressional intent and public policy. Defendant identifies several cases within this district in which courts have dismissed state law claims similar to Count II after concluding that such claims were incompatible with parallel FLSA claims. *See e.g.*, *Evancho v. Sanofi-Aventis U.S. Inc.*, 2007 WL 4546100, at *5 (D.N.J. Dec. 19, 2007); *Himmelman v. Continental Cas. Co.*, 2006 WL 2347873, at *2 (D.N.J. Aug. 11, 2006). Plaintiff responds that the Second, Seventh, Ninth,

and D.C. Circuits have all concluded that a district court exercising federal question jurisdiction over an FLSA claim may properly exercise supplemental jurisdiction over a parallel opt-out state law claim.  *Shahriar v. Smith & Wolensky Restaurant Group, Inc.*, 2011 WL 4436284, *5-11 (2d Cir. Sept. 26, 2011); *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 973-74, 979-81 (7th Cir. 2011); *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 753-55, 760-62 (9th Cir. 2010); *Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 420-25 (D.C. Cir. 2006).

The starting point for the Court's analysis is the Third Circuit's decision in *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003).  In *De Ascencio*, the Third Circuit explained that, when determining whether to exercise supplemental jurisdiction over state law claims brought alongside an FLSA collective action:

> [A] court must examine the scope of the state and federal issues, the terms of proof required by each type of claim, the comprehensiveness of the remedies, and the ability to dismiss the state claims without prejudice to determine whether the state claim constitutes the real body of the case.  This necessarily is a case-specific analysis.

*Id*. at 312.  After conducting a detailed analysis, the *De Ascencio* Court concluded that the district court below "did not exercise sound discretion in granting supplemental jurisdiction" over an opt-out Pennsylvania Wage Payment & Collection Law claim.  *Id*.  Plaintiff argues that *De Ascencio* involved a case specific and fact intensive supplemental jurisdiction analysis and does not stand for the proposition that state law class actions and FLSA collective actions are inherently incompatible.  *See Ervin*, 632 F.3d at 981 ("We agree with the D.C. Circuit in *Lindsay* and the Ninth Circuit in *Wang* that the Third Circuit decision in *De Asencio* represents only a fact-specific application of well-established rules, not a rigid rule about the use of supplemental jurisdiction in cases combining an FLSA count with a state-law class action.")

Plaintiff also identifies several cases within the Third Circuit in which courts have refused to dismiss state law claims at the motion to dismiss stage in response to inherent incompatibility arguments. *See e.g., Dare v. Comcast Corp.*, 2010 WL 2557678, at *1-3 (D.N.J. June 23, 2010) (declining to sever New Jersey State Wage and Hour Law claims and concluding that "the Third Circuit's holding in *De Asencio* was premised on a case-specific analysis of supplemental jurisdiction and not any alleged incompatibility between Rule 23 class actions and FLSA collective actions"); *Freeman v. Hoffman-La Roche, Inc.*, 2007 WL 4440875, at *2-3 (D.N. J. Dec. 18, 2007) (declining to dismiss or strike state law claims based on an inherent incompatibility theory and concluding that the examination required by *De Ascencio* "would be premature at this stage of the litigation given that the parties have not yet engaged in discovery, nor have motions for class certification been filed").

In light of the fact-intensive nature of the supplemental jurisdiction analysis conducted by the Third Circuit in *De Ascencio*, the Court concludes that "the more prudent approach in assessing whether an opt-out Rule 23 class action and opt-in FLSA collective action should proceed together in federal court is to engage in a proper supplemental jurisdiction analysis." *Freeman*, 2007 WL 4440875 at *2; *see also Dare*, 2010 WL 2557678, at *3 (concluding that the analysis required by *De Ascencio* "may only be conducted after the parties have completed substantial discovery, the opt-in procedure is completed, and the plaintiffs move for class certification of their state law claims").

 **B.** **Supplemental Jurisdiction**

Defendant argues that plaintiff's New Jersey State Wage and Hour Law claim contained in Count II predominates over plaintiff's FLSA claim in Count I under *De Asencio*. Defendant also requests that the Court decline to exercise supplemental jurisdiction on the theory that the

5

inherent incompatibility of Counts I and II constitutes a compelling reason for declining jurisdiction under 28 U.S.C. § 1367(c)(4).  Plaintiff responds that it would be premature at this stage of the case to conduct a supplemental jurisdiction analysis and that if the Court is inclined to conduct such an analysis, it should exercise supplemental jurisdiction over Count II.

The Court concludes that conducting a supplemental jurisdiction analysis "would be premature at this stage of the litigation given that the parties have not yet engaged in discovery, nor have motions for class certification been filed."  *Freeman*, 2007 WL 4440875, at *3 (citing *Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726, 731-32 (M.D. Pa. 2007) (declining to dismiss state claims in response to an inherent incompatibility argument and declining to conduct a supplemental jurisdiction analysis at the motion to dismiss stage); *Farhy v. Janney Montgomery Scott, LLC*, 2007 WL 1455764, *1 (E.D. Pa. April 26, 2007) (concluding that *De Ascencio* "made clear that the supplemental jurisdiction issue should only be decided on a complete record and not at the motion to dismiss stage").

### C. Liquidated Damages

Defendant also moves to strike plaintiff's request for liquidated damages pursuant to the New Jersey State Wage and Hour Law because that statute does not provide for liquidated damages.  *See* N.J. Stat. Ann. §§ 34:11-56a to 34:11-56a38.  Plaintiff does not respond to this argument and has failed to identify any provision of the New Jersey State Wage and Hour Law providing for liquidated damages.  Consequently, the Court will review this aspect of defendant's motion as unopposed and will strike plaintiff's request for liquidated damages pursuant to the New Jersey State Wage and Hour Law.  *See Green v. Essex County Superior Court Clerk*, 2006 U.S. Dist. LEXIS 22151, at *1 n.1 (D.N.J. April 6, 2006).

**V.      ORDER**

For the foregoing reasons, defendant's motion is **GRANTED** in part and **DENIED** in part.  Defendant's motion to strike plaintiff's request for liquidated damages pursuant to the New Jersey Wage and Hour law is **GRANTED** as unopposed.  Defendant's motion to dismiss Count II of the amended complaint is **DENIED**.  The denial of defendant's motion to dismiss Count II of the amended complaint is without prejudice to defendant's ability to renew its inherent incompatibility and supplemental jurisdiction arguments on the basis of a more complete record in response to a motion for class certification.

                                        /s/ Faith S. Hochberg_____
                                        Hon. Faith S. Hochberg, U.S.D.J.